UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MELAN DAVIS and BRAD DAVIS,  Plaintiffs,  v.  ERIK PRINCE, et al.,  Defendants. | Case No. 1:08-cv-1244 – TSE-TRJ |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 37(a), (b) and Local Civil Rule 37(A), (D), defendants respectfully move this Court to compel relators to produce documents withheld on the basis of privilege or work product claims. Defendants were prepared to file a version of this motion on October 8, 2010 for argument on October 15, but after counsel for relators reviewed it she represented that she agreed to <u>all</u> the relief sought and would provide all the documents sought immediately or, at least, no later than the 15th. Counsel has not lived up to her representation. She continued to withhold documents sought by defendants that are critical to the jurisdictional inquiry in this action and which she had promised to produce.

Argument on defendants' motion to dismiss for lack of jurisdiction is scheduled for November 5. Defendants' brief in support of their motion was due on October 13, and they had to file it without having had access to documents and information critical to that issue because of relators' inappropriate objections. Even the documents that counsel did agree to produce were

not provided until the eve of defendants' deadline, the evening of October 12, and, as a result, defendants were unable to make a thorough review of those documents, nor use them in the depositions of relators or their counsel. Relators should have provided the documents and information at issue long before now, but it is crucial that defendants obtain them well in advance of the November 5 argument date.

## **BACKGROUND**

A brief summary of the relevant events during the Court-ordered stay provides the background leading to the present motion.

1. On August 27, 2010, this Court ordered that the parties be granted discovery on the issue of jurisdiction for 30 days time. ECF No. 55. The Court directed that defendants use the depositions that they were taking during this time on the jurisdictional issue to also inquire about the merits, although the Court offered defendants the opportunity for further merits inquiry of relators if necessary. Pursuant to that direction, defendants began serving jurisdictional discovery on relators and noticing depositions for relators and counsel, Ms. Burke.

2. On September 2, defendants served a subpoena duces tecum on relators' counsel, Ms. Burke, with a return date of September 10. This subpoena made nine separate requests, as follows:

>    (1) All documents that identify and/or relate to the date of communications between you and the relators.
>
>    (2) All documents that identify and/or relate to the date of communications between you and the relators.
>
>    (3) All records that identify and/or relate to the date of communications between you and the government regarding the allegations in the complaint.
>
>    (4) All documents that identify and/or relate to the substance of communications between you and the government regarding the allegations in the complaint.
>
>    (5) All documents that identify and/or relate to the date of meetings the relators had with the government.

  (6) All documents that identify and/or relate to the substance of communications between the relators and the government regarding the allegations in the complaint.

  (7) All documents that identify and/or relate to when and how you became aware of the relators and your first contact with the relators.

  (8) All drafts and any versions of any exhibits to the complaint.

  (9) All documents that relate to the allegations in the complaint that were provided by or obtained from individuals other than the relators.

Ex. A.

  3. On September 10, defendants subpoenaed Ms. Burke to sit for deposition, but she refused. Defendants moved to compel, and the Court on September 24 granted the motion to compel Ms. Burke's deposition, noting that the deadline for jurisdictional discovery would be extended to allow for that deposition. ECF No. 88; *see* Ex. B (9/24/2010 Hr'g Tr. at 35-36).

  4. On October 4, Ms. Burke served responses and objections to the subpoena duces tecum, and produced a total of 21 pages of responsive documents. The rest of the documents were withheld on claims of attorney-client privilege or the attorney work product doctrine; however, Ms. Burke did not produce a privilege log or any redacted documents at that time. Ex. C.

  5. On October 5, Ms. Burke produced a privilege log covering the documents withheld from the subpoena duces tecum requests. That log identified 62 documents as being withheld on the basis of the attorney-client privilege or work product doctrine. No redacted documents were produced. Ex. D; *see* Ex. E (numbering each entry in the log).

  6. On October 7, Ms. Burke sat for deposition. She did not produce any of the withheld documents at that deposition.

  7. On October 8, defendants prepared a motion to compel testimony and discovery responses from the relators and relators' counsel with respect to numerous attorney-client privilege objections lodged during depositions and in response to discovery requests. The draft

motion, among other things, moved to compel the production of all documents withheld in response to each of the nine requests in the subpoena duces tecum to Ms. Burke.

8. Despite defendants' counsel expressed displeasure with Ms. Burke's many privilege objections, she contended that defendants were not entitled to file a motion to compel because the parties had not sufficiently met and conferred. The jurisdictional deadline was fast approaching and relators had consistently thwarted defendants' efforts to obtain relevant documents. In a final effort to obtain these critical documents without the intervention of the court, defendants shared their draft motion to compel with relators' counsel. Defendants insisted that relators agree to all documents and relief sought in the motion. Relators agreed stating, "We have reviewed your motion, and consent to the relief that you seek in that motion. We will provide you the information you seek immediately and in any event no later than the date on which you could have this motion heard, i.e. October 15." Ex. F.

9. On October 11, relators provided some of the requested relief by updating their interrogatory and document production responses and providing interrogatory-style answers to deposition questions they had previously refused to answer. In addition, Ms. Burke updated her responses to the subpoena duces tecum and produced 24 of the 62 documents previously withheld. She maintained her refusal to produce the remaining 38 documents on the basis that they were protected by the work product doctrine or, apparently, where the documents did not – in her opinion – relate to the subject matter of the public disclosure bar and original source issue. She also indicated that she had obtained a vendor to assist in providing the dates of her time entries that had been requested by defendants. Ex. G (email); Ex. H (supplemental responses).

10. On October 12, Ms. Burke forwarded a list of dates from her time records reflecting in-person or telephonic communications with relators during 2008 and 2009. She clarified that these were not the complete list of dates. Ex. I.

11. On October 14, defendants reminded relators' counsel that their draft motion to compel sought, and she had agreed to produce, all the documents in the privilege log. Ex. J.

12. Ms. Burke responded on October 18, claiming that she had provided all the documents "that fall within the scope of the privilege waiver" which was "limited to public disclosure and original source issues. The log responds to all your discovery." Ex. K.

13. Defendants responded the same day, noting that the privilege log was produced solely in response to the subpoena duces tecum, which focused only on jurisdictional issues and not the merits of the case, and pointing out some examples of withheld documents that, by the face of the description on the log, were clearly relevant to the jurisdictional inquiry. Defendants reminded Ms. Burke that she had not qualified her consent to provide all the relief previously sought by defendants in their draft motion. Ms. Burke responded the next morning that she would re-review the draft, the log, and the withheld documents to "see if we missed anything." Ex. L.

14. On October 20, relators' counsel responded that she still believed she had provided defendants with all the relief they sought as to the withheld documents. Ex. M.

15. On October 21, defendants responded, pointing out once again that the privilege log related only to the jurisdiction-focused requests of the subpoena duces tecum and that Ms. Burke had already committed to producing all the documents anyway. Defendants also noted that they had requested not just the dates but the substance of counsel's time entries. Defendants requested one more time that Ms. Burke "either agree to produce all documents on the privilege

log, including the time entries, by tomorrow, or we will move to compel tomorrow. We will need your agreement by tomorrow morning at the latest." Ex. N.

16. On October 22, relators' counsel responded that she re-reviewed the withheld documents and would "send over the results of that re-review today." She also stated that "regarding the time entries, we'll send over the entries that correspond to the list of dates I provided via email. I should have done so earlier; I simply forgot. I apologize for the delay." She did not agree to produce all the documents on the privilege log, nor did she indicate which, if any, documents from that log were going to be "sent over." Ex. O.

17. In a subsequent phone call that same day, relators' counsel stated that she was sending something to defendants later in the day, but did not indicate if it included more documents or not. She also offered to provide a description of what each withheld document said over the phone, but did not agree to produce the documents. After 3 p.m., relators delivered about fifteen more documents from the privilege log but continued to withhold about 23 or more of the remaining documents on the log, including the time entries. *See* Ex. E (nos. 2-4, 12, 14, 16-17, 23-25, 29-30, 37-38, 43-45, 55-62 are still being withheld).

## ARGUMENT

In order to determine whether this Court has jurisdiction over relators' *qui tam* action, defendants are entitled to explore whether the allegations in the second amended complaint were derived from public disclosures and whether relators qualify as original sources. To be original sources, the relators must have direct knowledge of the basis of the allegations independent of the public disclosures, and they must have voluntarily disclosed the allegations to the government before filing suit.

Through counsel, relators have already represented to the District Court that they were the sources for the publicly disclosed allegations in their counsel's other lawsuits; that Ms. Burke relied upon them as sources for her other publicly disclosed suits. Defendants are therefore entitled to discover facts that may show the following: (a) When did the relators meet with counsel, what did relators tell counsel, and what did counsel tell relators?; and (b) When did relators meet with the government, what was communicated to the government, and what was communicated back to the relators? Obtaining answers to those inquiries – complete answers, not just limited to what relators and their counsel interpret to be complete answers – is the basis of this motion.

**I.     RELATORS AND COUNSEL HAVE RENEGED ON THEIR AGREEMENT TO PRODUCE THE DOCUMENTS ON THE PRIVILEGE LOG**

The basis of this motion is simple. Defendants, hampered by improper and inappropriate objections to their efforts to conduct discovery during the Court-ordered time period for doing so, were prepared to file a comprehensive motion to compel discovery responses and testimony in order to obtain relief and avoid further prejudice in their efforts to demonstrate that there was no jurisdictional basis for relators' action. Recognizing – all be it, at long last – that their various objections would not stand, relators' counsel committed to providing defendants with **all** the relief defendants sought. This included all the documents withheld by relators' counsel in response to the subpoena duces tecum. Relators' counsel promised that, if defendants would refrain from filing their motion, she would provide all the requested relief, and that she would do so "immediately" or by October 15 at the latest. Nevertheless, she has failed to do so, and continues to withhold almost half of the 62 documents initially withheld that are responsive to the subpoena duces tecum. Those Ms. Burke has produced have only come after protracted efforts by defendants to obtain them.

It is no good for Ms. Burke to argue, as it appears she will now, that some of the documents are not actually relevant to the jurisdictional inquiry or are still protected by work product. The privilege log was generated in response to defendants' subpoena duces tecum requests, which clearly focus on the jurisdictional issue before the Court. Ms. Burke cannot credibly claim, for example, that her June 28, 2008 "Notes from interview with Brad and Melan Davis" or William O'Neil's December 2008 "Notes from Interview of Brad Davis by Stanley Alderson" of DOJ are not relevant. Second, Ms. Burke expressly agreed to provide these documents in response to defendants' request. And, third, even were the Court to permit documents claimed to be work product to be withheld or produced in redacted format, many of the documents on the privilege log that are still being withheld are objected to, in whole or in part, on the basis of the attorney-client privilege. Ms. Burke must be ordered to produce all of the remaining documents at once.

\*       \*       \*

Ms. Burke's broken promise to provide defendants with their previously requested relief is all that is necessary for the Court to grant defendants' motion. In the alternative, however, defendants provide the following additional argument below as to why relators' counsel should be ordered to produce the requested documents.

## II. RELATORS AND COUNSEL HAVE NOT MET THEIR BURDEN TO PROVE THAT THE ATTORNEY-CLIENT PRIVILEGE APPLIES OR THAT THEY HAVE NOT WAIVED THE PRIVILEGE WITH RESPECT TO THE REQUESTED DISCOVERY

The Fourth Circuit has adopted the

> 'classic test' for determining the existence of attorney-client privilege: The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this

8

>   communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (quotation marks and citations omitted). The party asserting the attorney-client privilege bears the burden of proving each element that would establish its existence. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). In addition, "[a]ny disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege. Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter." *Id*. Indeed, even "[s]elective disclosure for tactical purposes waives the privilege." *Id*.

As shown below, relators' counsel's invocation of the attorney-client privilege or work product protection to avoid providing discovery responses to relevant requests for documents is inappropriate because it does not, and cannot, meet the burden to show that the communication or document in question is protected. Even in those instances where the privilege would apply, relators have waived the privilege.

### A. Relators and Counsel Must Provide Requested Documents Evidencing the Dates of Their Meetings and Meetings with the Government

There is nothing privileged about the dates that relators met/communicated with their counsel or with the government. Moreover, <u>when</u> relators had these meetings is a crucial factor in the jurisdictional inquiry in this action. In their prior Motion to Compel the Deposition of Susan Burke (ECF No. 71), defendants pointed out that the Fourth Circuit holds that it "is the substance of the communications which is protected . . . not the fact that there have been

9

communications." *United States v. Kendrick*, 331 F.2d 110, 113 (4th Cir. 1964). In their opposition brief, relators stated their agreement with this precedent, implicitly acknowledging that the dates of meetings and communications between relators and counsel were not privileged. ECF No. 76 at 4. But relators' counsel continues to object and qualify her responses. Moreover, Ms. Burke's revised response indicates at least three additional documents (dated April 4, 2008, June 24, 2008, and September 12, 2008) that appear nowhere on the privilege log.

| **Discovery Document** | **Defendants' Request** | **Counsel's Updated Response (Ex. H)** |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 1: All documents that identify and/or relate to the date of communications between you and relators. | **"Ms. Burke objects to the production of work product documents. Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been or are being produced. These records are temporarily inaccessible. We have retained a vendor to work on an expedited basis to resolve the computer issues that are preventing access, and hope to gain access to the dates reflected therein by the close of business tomorrow. The dates shown on attorney work product notes are April 4, 2008, June 24, 2008, June 28, 2008, December 2008, June, September 12, 2008, June 30, 2009. Four sets of attorney work product notes, including one created in 2010, are undated."[1]** |
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 7: All documents that identify and/or relate to when and how you became aware of the relators and your first contact with the relators. | **"Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced."** |

Relators' counsel made the same qualifications in response to requests for the dates of her communications with the government as well as those of her clients, the relators, as follows:

---

[1] Defendants address the response as relates to the time records below.

10

| Discovery Document | Defendants' Request | Counsel's Updated Response (Ex. H) |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 3: All records that identify and/or relate to the date of communications between you and the government regarding the allegations in the complaint. | "Ms. Burke objects to the production of work product documents. Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced." |
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 5: All documents that identify and/or relate to the date of meetings the relators had with the government. | "Ms. Burke objects to the production of work product documents. Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced." |

Relators' and their counsel's qualifications and invocation of the privilege in these instances is contrary to the law in this Circuit as set forth in *Kendrick* as well as their own position advanced before this Court. There is no privilege that applies to the dates of the requested communications and meetings, and relators and their counsel should be compelled to provide all the responsive documents.

  **B.** **Relators and Counsel Must Provide The Documents Comprising the Communications Between Counsel and Relators that Relate to the Jurisdictional Inquiry**

Defendants have requested that relators and counsel disclose the communications between counsel and the relators that are pertinent to the jurisdictional inquiry. This involves communications (1) from counsel to relators and (2) from relators to counsel.

### 1.     Counsel's Communications to Relators

Defendants have requested counsel's communications to relators, such as whether Ms. Burke disclosed allegations from other lawsuits she was pursuing when she met with relators. Relators and counsel have resisted such discovery, however, asserting that the attorney-client privilege applies. It does not. "[W]hen an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged." *United States v. Smith*, Crim. Action No. 3:07CR433, 2008 U.S. Dist. LEXIS 64174, at *6-8 (E.D. Va., Aug. 21, 2008) (quoting *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984) (attorney communications not privileged where she acts as a mere "conduit" of information). Similarly, "[t]he simple act of displaying [a document to a client] involve[s] no protected communication [if] its contents were derived from a third party." *Id*. Indeed, this Court not only recognized that such information was not privileged during the argument on defendants' motion to compel the deposition of Ms. Burke – the Court ordered Ms. Burke to sit for deposition and answer questions concerning jurisdiction. ECF No. 88; Ex. B (9/24/2010 Hrg. Tr. at 32-35).

Nevertheless, Ms. Burke continues to withhold documents:

| Discovery Document | Defendants' Request | Counsel's Updated Response (Ex. H) |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 2:  All documents that identify and/or relate to the substance of communications between you and the relators. | **"Ms. Burke objects to the production of work product documents.  Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced."** |

Relators and their counsel have no basis for withholding the requested communications and documents. Nor do defendants have any time to waste awaiting further promises from

12

relators' counsel to review inappropriate invocations of the attorney-client privilege. What Ms. Burke related to the Davises in their very first meeting and subsequent meetings through the filing of the second amended complaint is critical to who – the relators, or Ms. Burke? – knew of the allegations in the second amended complaint, and whether those allegations are derived from public disclosures or not. The Court should compel relators and counsel to answer the deposition questions and discovery requests fully.

### 2. Relators' Communications to Counsel

Not only are the communications from relators' counsel to relators not subject to the attorney-client privilege, the communications from relators to counsel are also discoverable by defendants. This is because relators have waived any attorney-client privilege claim concerning those communications. Relators' counsel, Ms. Burke, acting on behalf of relators, represented that the relators provided her with the information that she used in her previously disclosed lawsuits.

Notwithstanding whether any privilege even covers the communications at issue – which is relators' burden to show – relators have <u>waived</u> the attorney-client privilege as to their communications with Ms. Burke relevant to the jurisdictional inquiry. At the core of defendants' various discovery requests and deposition questions to relators and Ms. Burke is the need to understand (a) what allegations and facts relators told Ms. Burke (or co-counsel) and (b) when they told her. The attorney-client privilege, even if it exists, "is waived when the client voluntarily reveals the information to another or his attorney does so with his consent." *United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979) (waiver where no showing that attorney's disclosure made without client consent). Furthermore, "disclosure of any significant portion of a

confidential communication waives the privilege as to the whole." *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992).

At the public hearing before this Court on August 27, 2010, concerning the defendants' motion to dismiss, Ms. Burke, counsel for relators, substantively disclosed information communicated to her by her clients in meetings leading to the filing of the complaints in this action. In dialogue with the Court concerning one of the allegations in the second amended complaint and who the source of the allegation was, Ms. Burke stated:

> THE COURT: You're telling me you learned that from [Brad and Melan Davis].
> MS. BURKE: Yes, Your Honor. . . .
> 
> . . .
> 
> MS. BURKE: And if you look at the lawsuits that we brought on behalf of the Iraqi victims, even just a matter of logic will tell you, are we learning all of this information about the internal workings of the company from these Iraqis; no, Your Honor. <u>We're learning it from Melan and Brad Davis</u> and other people similarly situated.

Ex. P at 41-42 (8/27/2010 Hr'g Tr.). Ms. Burke has directly disclosed information concerning the substance of her clients' communications to her in meetings leading to the filing of this lawsuit. Any privilege that may have been attached to those communications is waived.

But counsel continues to withhold documents:

| Discovery Document | Defendants' Request | Counsel's Updated Response (Ex. H) |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 2: All documents that identify and/or relate to the substance of communications between you and the relators. | **"Ms. Burke objects to the production of work product documents. Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced."** |

14

Relators cannot claim original source status based upon what they told Ms. Burke, but then have counsel refuse to provide complete responses as to what information they provided. Defendants have a compelling interest in learning whether and when the relators provided their counsel with the substance of the allegations in the second amended complaint, and the Court has a similar interest for such information in order to rule on the pending motion to dismiss.

Therefore, counsel should be ordered by this Court to provide the requested discovery documents.

### C. Relators and Counsel Must Provide The Documents Comprising Relators' and Counsel's Communications to the Government as Relates to the Jurisdictional Inquiry

Relators' and counsel's communications with the government relevant to the jurisdictional inquiry are not privileged. Defendants have a compelling interest in the substance of those communications as related to when they took place in regard to answering the threshold question in this lawsuit of jurisdiction. No privilege applies to these communications and they should be disclosed. *See United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 398-400 (D. Colo. 1992) (the False Claims Act does not provide a "cloak of confidentiality," and statements made to government not privileged because not provided for purpose of seeking legal advice nor with an expectation that they would be kept confidential). Relators' and counsel's invocation of the attorney-client privilege as the basis for withholding responsive answers and documents from defendants is without merit.

| Discovery Document | Defendants' Request | Counsel's Updated Response (Ex. H) |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 4: All documents that identify and/or relate to the substance of communications between you and the government regarding the allegations in this complaint. | **"Ms. Burke objects to the production of work product documents. Non-work product documents relating to the subject matter of public disclosure bar and** |

15

| | | original source issue have been, or are being, produced." |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 6:  All documents that identify and/or relate to the substance of communications between the relators and the government regarding the allegations in the complaint. | **"Ms. Burke objects to the production of work product documents.  Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced."** |

### D. Relators and Counsel Must Provide All Versions of Relators' Statements and Exhibits

Relators' counsel asserts that she has produced all versions of the relators' statements. Yet her updated subpoena duces tecum responses continue to lodge privilege objections and qualify the production:

| **Discovery Document** | **Defendants' Request** | **Counsel's Updated Response (Ex. H)** |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No. 8:  All drafts and all versions of any exhibits to the complaint. | **"Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced."** |

Nor has the following document request been met with an adequate response or production to defendants' knowledge:

| **Discovery Document** | **Defendants' Request** | **Counsel's Updated Response (Ex. H)** |
|---|---|---|
| Subpoena Duces Tecum to Ms. Burke (Ex. A) | No: 9:  All documents that relate to the allegations in the complaint that were provided by or obtained from individuals other than relators. | **"Non-work product documents relating to the subject matter of public disclosure bar and original source issue have been, or are being, produced."** |

These documents are relevant to the jurisdictional inquiry, are not privileged, and should be produced. *E.g.*, *Rockwell*, 144 F.R.D. at 398-400.

### E. Counsel Must Produce Billing and Time Entries as Related to the Jurisdictional Inquiry

In the privilege log produced by relators' counsel, Ms. Burke's time records were identified as having been withheld in full on the basis of both the attorney-client privilege and the attorney work product protection. Ex. D. These time records are responsive to several of the requests in the defendants' Subpoena Duces Tecum directed to Ms. Burke. Relators' counsel has made multiple excuses for the delay in providing even the dates of these time entries, but the fact is that Ms. Burke simply made no effort to obtain the time records – despite multiple requests from defendants – until defendants indicated they were moving to compel. Since that time, Ms. Burke has produced a list of the dates of the time entries and nothing more. Ex. I. Reminded (again) by defendants that she was obligated to produce the substantive entries themselves, Ms. Burke this morning indicated, "we'll send over the entries that correspond to the list of dates I provided via email. I should have done so earlier; I simply forgot. I apologize for the delay." Ex. O. Those entries have still not been received, and defendants are compelled to request relief.

Furthermore, the blanket claim of privilege made by relators' counsel is inappropriate – much information in attorney time entries is usually not privileged at all. *United States ex rel. Wiser v. Geriatric Psyc. Servs., Inc.*, No. CIV.Y-96-2219, 2001 WL 286838 at *2 (D. Md. Mar. 22, 2001); *Beavers v. Hobbs*, 176 F.R.D. 562, 564 (S.D. Iowa 1997) ("[T]here is a threshold question whether the attorney billing statements are subject to the attorney-client privilege. The descriptions of the various services performed do not appear to be substantive or to suggest the content of privileged communications. Most of the entries simply describe what the attorney did,

17

when, and for what amount of time.  Generally billing records which did not reveal confidential information are subject to discovery and not protected by the attorney-client privilege.").

These time entries are relevant to the jurisdictional inquiry pending before this Court. They were requested at the beginning of September, almost two months ago.  Ms. Burke's delay in obtaining and producing redacted versions of these entries is the fault of no one but herself. The Court should require her to produce the time entries at once.

## CONCLUSION

For the foregoing reasons, defendants respectfully ask this Court to grant their motion to compel production of documents.

/s/ David W. O'Brien
Richard L. Beizer (VSB # 02646)
David W. O'Brien (VSB # 14924)
Andy Liu (Admitted *pro hac vice*)
Brian Roemer (Admitted *pro hac vice*)
Elizabeth Carter (Admitted *pro hac vice*)

*Counsel for all defendants*

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
P:  202-624-2500
F:  202-628-5116
E:  rbeizer@crowell.com
E:  dobrien@crowell.com
E:  aliu@crowell.com
E:  broemer@crowell.com
E:  ecarter@crowell.com

October 22, 2010

DCIWDMS: 13602948_1

## CERTIFICATE PURSUANT TO LOCAL RULE 7(E)

Defendants' undersigned counsel hereby certifies that a good faith effort has been made to resolve the matters at issue prior to placing this matter before the Court.

Dated: October 22, 2010

Respectfully submitted,

/s/ David W. O'Brien
Richard L. Beizer (VSB # 02646)
David W. O'Brien (VSB # 14924)
Andy Liu (Admitted *pro hac vice*)
Brian Roemer (Admitted *pro hac vice*)
Elizabeth Carter (Admitted *pro hac vice*)

*Counsel for all defendants*

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
P:  202-624-2500
F:  202-628-5116
E:  rbeizer@crowell.com
    dobrien@crowell.com
    aliu@crowell.com
    broemer@crowell.com
    ecarter@crowell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October 2010, I electronically filed the foregoing Defendants' Motion to Compel Production of Documents with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

>Susan L. Burke, Esq.
>sburke@burkepllc.com
>Burke PLLC
>1000 Potomac Street, NW
>Suite 150
>Washington, DC 20007
>Telephone:  202-232-5504
>Facsimile:  202-232-5513
>
>Paula Pugh Newett, Esq.
>USAVAE.ALX.ECF.CIVIL@usdoj.gov
>United States Attorney's Office
>2100 Jamieson Ave
>Alexandria, VA 22314
>Telephone:  703-299-3700
>
>Monika Moore, Esq.
>USAVAE.ALX.ECF.CIVIL@usdoj.gov
>United States Attorney's Office
>2100 Jamieson Ave
>Alexandria, VA 22314
>Telephone:  703-299-3700

                                            /s/ David W. O'Brien
                                              David W. O'Brien