**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MELAN DAVIS and BRAD DAVIS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:08-cv-1244 – TSE-TRJ |
| ERIK PRINCE et al., | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Relators faced a hobson's choice of conceding the jurisdictional issue or waiving privilege.  They made a calculated decision to waive privilege, and their waiver is complete. There is no such thing as a selective waiver. The communications at issue are ones between relators and counsel about the same subject matter – the facts that give rise to the allegations in their lawsuit.  Once they disclosed any communications regarding that topic, all otherwise privileged communications about that same subject are no longer protected from disclosure to defendants.  This subject matter waiver is an inevitable consequence of relators being represented by a lawyer who has filed multiple other public suits containing similar and sometimes identical allegations to the ones that are in the *qui tam* suit.  A complete waiver was unavoidable given the issues presented by the jurisdictional inquiry – what information did relators communicate to their lawyer to support the allegations in the publicly disclosed suits and in their *qui tam* case, and when.

Relators openly admit in their opposition that they have voluntarily waived the privilege, but argue that they only did so only on a limited basis. The Fourth Circuit, like most others, does not recognize a limited waiver of privilege. *In re Martin Marietta Corp*, 856 F.2d 619, 623 (4th Cir. 1988). Defendants are entitled to all the information they seek.

Relators not only waived the privilege in open court, they later promised defendants that they would produce all the documents on the privilege log generated pursuant to the subpoena *duces tecum* to their counsel. Relators concede that defendants provided them with a draft motion to compel seeking all the documents that were being withheld and that, in response, relators stated without qualification, "We have reviewed your motion, and consent to the relief that you seek in that motion." ECF No. 127-6 (Ex. F). After making that promise, however, relators backpedaled on their commitment and produced only some of those documents. Still, by producing a subset of the privileged documents requested by defendants, relators again waived the privilege. Relators now contend that their multiple disclosures of privileged communications <u>and</u> their promise to produce the documents sought in defendants' draft motion to compel were *limited* waivers that pertained to what they assert to be the "public disclosure/original source" subject matter. But limited waivers are not recognized in this Court, and relators' "public disclosure/original source" legal issue was not the subject matter of the communications. Relators did not discuss the complex legal doctrine at issue with their lawyer in the documents requested; rather, they shared facts to support their *qui tam* suit. Relators must produce all the documents remaining on the privilege log and the four documents purportedly being withheld pursuant to a DOJ request at once.

## I.     The Fourth Circuit Does Not Recognize a Limited Waiver

Relators now plainly admit that they have waived any claim of privilege.  ECF No. 135 at 6.  They argue, however, that this waiver was limited in scope to what they call the subject matter of "public disclosure/original source."  *Id*.  Relators' argument is unsupportable under the law and on its face.

"The Fourth Circuit has not embraced the concept of limited waiver of the attorney-client privilege."  *Marietta*, 856 F.2d at 623.  To the contrary, "[t]his circuit adheres to a full subject-matter waiver rule as to the attorney-client and non-opinion work product privileges.  Disclosure of a privileged communication waives the privilege as 'to all information related to the same subject matter.'"  *In re Grand Jury Subpoenas 89-3 and 89-4*, 734 F. Supp. 1207, 1213 (E.D. Va. 1990) (J. Ellis) (quoting *In re Marietta*), *aff'd in part & rev'd in part on other grounds*, 902 F.2d 244 (4th Cir. 1990).  Moreover, "selective disclosure for tactical purposes waives the privilege" as well.  *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982).  "Selective disclosure occurs not only when a party reveals part of one privileged communication, but also when a party reveals one beneficial communication but fails to reveal another, less helpful, communication on the same matter."  *E.I. Dupont de Nemours & Co. v. Kolon Indus. Inc.*, No. 3:09cv58, 2010 WL 3003582, at *3 (E.D. Va. July 30, 2010) (quoting *United States ex rel. Mayman v. Martin Marietta Corp.*, 886 F. Supp. 1243, 1252 (D. Md. 1995).

The subject matter of relators' waivers is reflected in the requests made in defendants' subpoena *duces tecum* to Ms. Burke that is the subject of this motion.  Relators waived the privilege when their lawyer asserted original source status for them during argument, and said that they informed her of the information that she used in the other publicly disclosed lawsuits that she filed, the suits that track the allegations in the second amended complaint.  *See* ECF No.

3

127-16 (Ex. P).  Defendants delved into this by making nine separate requests in a subpoena *duces tecum* concerning, *inter alia*, what relators told counsel and when they did so, and vice versa, as well as the substance of what was told and when to the government.  *See* ECF No. 127-1 (Ex. A).  After defendants indicated they would move to compel withheld documents and information relevant to those requests, relators agreed to provide all the documents sought.  They did, then, provide *some* of those documents but have withheld the rest.  *See* ECF No. 127 at 4-6.  There is no distinction in subject matter, however, between the documents which have been produced and those which have been withheld.  Relators may not selectively disclose only some of the documents and withhold others on this basis – their waiver applies to all documents related to the same subject matter, not just those they pick and choose.  *Jones*, 696 F.2d at 1072.

Relators' argument that their subject matter waiver should be defined as the "public disclosure/original source" inquiry makes no sense.  The subject matter of a waiver is not measured by a legal term; it is defined by the substance and information that was disclosed or waived.  A subject matter waiver includes all information related to the same subject matter.  *In re Grand Jury Subpoenas*, 734 F. Supp. at 1213.  Even under relators' mistaken view of the subject matter, however, they continue to withhold documents that are relevant to the jurisdictional issue.  A simple glance at the privilege log reveals that relators have not provided all documents responsive to what they term the "public disclosure/original source" subject matter.  Ex. A (privilege log).[1]  Nor is there any merit in relators' excuse that, for four other communications, DOJ apparently requested they be withheld – this is not a valid objection by

---

[1]     Defendants reproduce relators' privilege log and attach it here for the Court's convenience by numbering each document on the log.  **Ex. A.**  The documents which are still being withheld completely by relators are nos. 2-4, 12, 14, 16-17, 23-25, 29-30, 37-38, 43-45, 55-59, and 61.  Several other documents – nos. 26, 27, 60 and 62 – have only been produced in redacted form, and defendants seek unredacted, complete copies of those documents as well.

relators to production, and the government has not interposed any objections to disclosure here. In short, relators have waived any privilege over the scope of the requests propounded by defendants, and must now produce the remaining documents being withheld.

## II.     Relators' Waiver Applies to Work Product Still Withheld

Relators also claim that their "limited" waivers did not apply to work product. But the case law cited above makes clear that this is not so. A subject matter waiver includes, at a minimum, both attorney-client privilege and non-opinion work product. *In re Marietta*, 856 F.2d at 623; *Kolon*, 2010 WL 3003582, at *4 ("fact work product and attorney-client privilege may be waived through disclosure of but one document on the subject"). Thus, relators can no longer claim work product protection for documents.

Defendants submit that the waivers by relators rise to the level to extend a full subject matter waiver over the opinion work product portions of relators' withheld documents as well. *See In re Marietta*, 856 F.2d at 626. If the Court does not find a waiver of both fact and opinion work product, however, the proper procedure, as recognized by relators, is for the Court to review the documents claimed as "work product" and redact the opinion work product from the otherwise discoverable material. *Kolon*, 2010 WL 3003582, at *4 (citing *In re Marietta*, 856 F.2d at 626).[2]

---

[2]     This includes Ms. Burke's time entries, for which Ms. Burke has provided dates (but only during 2008 and 2009, not 2010 as well) and general descriptions.

## Conclusion

For all of the foregoing reasons, defendants respectfully request that the grant defendants'

motion and order the production of the remaining documents.

Dated: October 28, 2010                     Respectfully submitted,


                                      _____/s/David W. O'Brien_____
                                      Richard L. Beizer (VSB # 02646)
                                      David W. O'Brien (VSB # 14924)
                                      Andy Liu (Admitted *pro hac vice*)
                                      Brian Roemer (Admitted *pro hac vice*)
                                      Elizabeth Carter (Admitted *pro hac vice*)

                                      *Counsel for all defendants*

                                      CROWELL & MORING LLP
                                      1001 Pennsylvania Avenue, N.W.
                                      Washington, D.C.  20004-2595
                                      P:  202-624-2500
                                      F:  202-628-5116
                                      E:  rbeizer@crowell.com
                                          dobrien@crowell.com
                                          aliu@crowell.com
                                          broemer@crowell.com
                                          ecarter@crowell.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October 2010, I caused the foregoing Defendants'

Reply in Support of Motion to Compel Production of Documents to be electronically filed with

the Clerk of Court using the CM/ECF system and served via e-mail on:

    Susan L. Burke, Esq.
    sburke@burkepllc.com
    Burke PLLC
    1000 Potomac Street, NW
    Suite 150
    Washington, DC 20007
    Telephone:  202-232-5504
    Facsimile:  202-232-5513

    Paula Pugh Newett, Esq.
    USAVAE.ALX.ECF.CIVIL@usdoj.gov
    United States Attorney's Office
    2100 Jamieson Ave
    Alexandria, VA 22314
    Telephone:  703-299-3700

    Monika Moore, Esq.
    USAVAE.ALX.ECF.CIVIL@usdoj.gov
    United States Attorney's Office
    2100 Jamieson Ave
    Alexandria, VA 22314
    Telephone:  703-299-3700


                              /s/David W. O'Brien
                              David W. O'Brien