IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA ex rel. )
MELAN DAVIS and BRAD DAVIS, )
       Plaintiffs, )
        )
       v. )    Case No. 1:08cv1244
        )
ERIK PRINCE, et al., )
       Defendants. )

## MEMORANDUM OPINION

In this False Claims Act[1] case, the magistrate judge issued a protective order that authorizes any party's counsel to designate any discovery materials[2] as confidential and then prohibits any party from making any public disclosure of that material. Plaintiffs filed an objection to the protective order, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, arguing that the protective order is "clearly erroneous and contrary to law." For the reasons that follow, the magistrate judge's order must be vacated.

I.

Plaintiffs, Melan and Brad Davis, are former employees of one of the corporate defendants. Of the six named defendants, five are corporate entities and one is an individual. The five corporate entities are: (1) Xe Services, LLC, a private security company that provides tactical training, security services, logistics, and crisis management; (2) Blackwater Security Consulting, LLC, a private company that provides private security services; (3) U.S. Training Center, Inc., the corporate owner of a training facility in North Carolina that provides tactics and

---

[1] 31 U.S.C. § 3729 (West 2010).

[2] As used in this Memorandum Opinion, "discovery materials" refers to all information obtained in the discovery process, including documents, deposition transcripts, interrogatory questions and responses, and the like.

weapons training to military, security, and law enforcement professionals; (4) Greystone, Ltd., an international provider of security and support services; and (5) Prince Group LLC, a private holding company. The individual defendant, Erik Prince, allegedly owns and controls all of the corporate defendants. All six defendants are collectively referred to herein as "Xe."

Plaintiffs brought this suit alleging that defendants submitted false claims to the U.S. Government in violation of the False Claims Act. More specifically, plaintiffs allege that defendants were awarded two government contracts: (i) a Department of Homeland Security contract to provide security services in Louisiana in the aftermath of Hurricane Katrina; and (ii) a Department of State contract to provide security services in Iraq and Afghanistan. According to plaintiffs, defendants submitted false claims with respect to both contracts by inflating the number of hours worked by employees, falsifying personnel muster sheets, billing for needless expenses, and providing worthless services.

After plaintiffs filed suit, defendants filed a motion for a comprehensive protective order prohibiting the disclosure of all discovery materials and enjoining the parties from making any extrajudicial statements relating to the litigation. In support of their motion, defendants argued that plaintiffs' counsel had already made a number of prejudicial comments to the media, and that she had stated an intent to publish all non-confidential discovery materials on the internet. Defendants argued that this public disclosure would serve no purpose other than to taint the jury pool and to annoy, embarrass, and harass the defendants.

In response, plaintiffs argued that defendants' proposed protective order would be contrary to well-established law. Specifically, plaintiffs contended that a blanket order prohibiting public disclosure of all discovery documents would be inappropriate because it would prevent the public from learning about information of legitimate public concern, and it

would hinder plaintiffs' ability to gather evidence from witnesses who heard about the case from media outlets and then contacted plaintiffs' counsel.

Defendants' motion was referred to a magistrate judge, who, after hearing argument, issued a protective order prohibiting the parties from publicly disclosing any discovery materials designated as "confidential" by either party, and further prohibiting any party from making extrajudicial statements relating to those materials designated as "confidential" by either party. Specifically, the protective order states as follows:

> Until the court orders otherwise, no party or counsel for a party, or their agents or employees, may reveal or disseminate any information obtained through use of the discovery process in this action, which information has not also been gained through means independent of this court's processes, and which information has been designated as "confidential" by counsel for any party in this action. Extrajudicial statements by the parties and counsel are also limited to this extent, but no [sic] otherwise.
>
> No discovery materials may be filed with the court without prior order. No discovery material that has been designated "confidential" may be revealed in any motion, memorandum or exhibit thereto without prior order, and counsel feeling the need to reference such material shall file a motion to seal that complies with Local Civil Rule 5.

Plaintiffs filed a Rule 72(a) objection to the magistrate judge's protective order. In their pleadings, the parties re-state many of the arguments made in their initial pleadings submitted to the magistrate judge. As the parties have fully briefed and argued their respective positions, the issues presented by plaintiffs' objection are ripe for determination.

## II.

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Fed. Election Comm'n v. Christian Coalition*, 178 F.R.D.

456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). As a nondispositive matter, the magistrate judge's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, LP*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

### III.

In general, there are three ways in which parties may seek to prevent public disclosure of discovery materials developed during the course of a litigation. First, parties always have the option of entering into a private non-disclosure agreement. A district court plays no role in reviewing or approving such agreements unless one of the parties files suit for breach of the non-disclosure agreement. Because non-disclosure agreements protecting discovery materials are problematic for a number of reasons, parties rarely resort to this means of preventing public disclosure of such materials.

The second means by which parties may protect discovery materials from disclosure is to seek a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of establishing "good cause" by demonstrating that "specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).[3]

---

[3] *See also Lathon v. Wal-Mart Stores East, LP*, No. 3:09cv57, 2009 WL 1810006, at *5 (E.D. Va. June 24, 2009) ("For good cause to exist the party seeking protection bears the burden of showing specific prejudice or harm that will result if no protective order is granted."); *Great Am. Ins. Co. v. Gross*, No. 3:05cv159, 2007 WL 1577503, at *12 (E.D. Va. May 30, 2007) ("Rule 26(c)'s good cause requirement indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" (quoting *SEC v. Dowdell*, No. 3:01cv00116, 2002 WL 1969664, at *2 (W.D. Va. Aug. 21, 2002)); *Brittain v. Stroh Brewery*

The third means of preventing public disclosure of information in the course of litigation applies only to court documents (*i.e.*, documents filed in the court record). Under well-established Fourth Circuit precedent, there is a presumption in favor of public access to judicial records and a district court has the authority to seal court documents only "if the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Importantly, before granting a motion to seal any court document, a district court must follow a three-step process: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.*

In this case, the first and third means of preventing disclosure of litigation information are not in issue; there is no private non-disclosure agreement nor is there any sealing of court documents. Instead, at issue in this case is the magistrate judge's Rule 26(c) protective order, which broadly prohibits public disclosure of any discovery materials designated as confidential by any party. Plaintiffs have the burden of proving that this order is contrary to Rule 26(c). Plaintiffs have met this burden.

Under Rule 26(c), a district court may issue a protective order only upon a finding of good cause.[4] Yet, this does not mean that a district court must determine good cause on a document-by-document, or transcript-page-by-transcript-page, basis. Instead, a magistrate judge

---

*Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991) (holding that the party requesting the protective order "must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one").

[4] *See* Fed. R. Civ. P. 26(c); *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998) (holding that a court may enter a protective order governing trade secrets upon a showing of good cause).

or district judge may issue an order protecting specifically delineated categories of documents upon a showing that good cause exists to protect each category.[5] Such an order—commonly referred to as an "umbrella" order—is faithful to Rule 26(c)'s good cause requirement because a judge has made a determination in the first instance that there is good cause to protect documents falling into a particular category. Under this type of "umbrella" order, the parties are authorized to designate whether discovery materials fall within any of the enumerated good cause categories set forth in the protective order. Of course, the parties may disagree whether specific documents, transcripts, or other discovery materials fall within one of the good cause categories. In the event that a party's designation of a particular document is challenged by the opposing party, the party seeking to avoid disclosure has the burden of persuading the court that the designated material falls within a particular good cause category.

Here, the protective order violates Rule 26(c) by delegating the good cause determination to the parties, thereby erasing the rule's requirement that there be a *judicial* determination of good cause. The use of good cause categories in a protective order prevents this inappropriate delegation and instead limits the parties to determining whether a particular document or other

---

[5] *See Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000) ("[A] district court is empowered to issue umbrella protective orders protecting classes of documents after a threshold showing by the party seeking protection."); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (holding that "[t]here is no objection to an order that allows the parties to keep their trade secrets (or some other *properly demarcated category* of legitimately confidential information) out of the public record") (emphasis added); *Askew v. R & L Transfer, Inc.*, 3:08cv865, 2009 WL 5068633, at *1 (M.D. Ala. Dec. 17, 2009) ("Before entering any protective order, the Court must find that good cause warrants the entry of the order with respect to each category of documents or information sought to be included in the order.") (quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355-57 (11th Cir. 1987)); *Gwerder v. Besner*, No. 07-335-HA, 2007 WL 2916513, at *2 (D. Or. Oct. 5, 2007) ("The court may issue protective orders that protect classes of documents upon a threshold showing of appropriate circumstances warranting such umbrella protection."); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("[A] party is more likely to be able to establish such good cause if it presents to the court a discrete category of documents and explains why *those* documents should be sealed.").

discovery materials fits within a good cause category. To be sure, under the protective order at issue, a party may challenge a confidential designation, and the magistrate judge would then determine whether good cause exists to maintain the designation. This is not sufficient to comply with Rule 26(c), which requires a judicial finding of good cause in the first instance— *i.e.*, before a protective order is granted.[6]

Nor is the protective order rescued by defendants' argument that there is good cause to prohibit public dissemination of all discovery materials because plaintiffs' counsel has stated her intent to publish all non-confidential discovery materials on her website. Many circuits have sensibly held that where discovery materials are not protected by a valid protective order, parties may use that information in whatever manner they see fit. *See Jepsen, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("Absent a valid protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit.").[7] It cannot logically

---

[6] Some cases contain broad language suggesting that a court may delegate to the parties the responsibility to make a good faith determination of good cause in the first instance, and that the court will only make a good cause determination if a party's good faith determination is challenged. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (emphasizing that umbrella orders obviate "the need to litigate the claim to protection document by document, and postpone[] the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged"). These cases are unpersuasive; Rule 26(c) explicitly requires a court to make a good cause determination *before* issuing a protective order.

[7] *See also San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 780 (1st Cir. 1988) ("Indeed, the Supreme Court has noted that parties have general first amendment freedoms with regard to information gained through discovery and that, absent a valid court order to the contrary, they are entitled to disseminate the information as they see fit."); *Oklahoma Hosp. Ass'n v. Oklahoma Pub. Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984) ("While it may be conceded that parties to litigation have a constitutionally protected right to disseminate information obtained by them through the discovery process absent a valid protective order, . . . it does not follow that they can be compelled to disseminate such information."); *Exum v. U.S. Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002) ("In the

be the case that good cause exists to prohibit the public disclosure of discovery materials because a party states an intent to disseminate those materials in accordance with the law. In other words, a party cannot lose the right to disseminate all discovery materials not protected by a protective order simply by stating an intent to exercise that very right. To show good cause, a party must demonstrate more than that an opposing party intends to disseminate discovery materials; rather, it must show that the disclosure of those materials will cause specific prejudice or harm, such as annoyance, embarrassment, oppression, or undue burden or expense.[8] And, importantly, the fact that public disclosure of discovery materials will cause some annoyance or embarrassment is not sufficient to warrant a protective order; the annoyance or embarrassment must be particularly serious.[9]

Finally, it is worth noting that defendants also sought a protective order prohibiting the parties from making any extrajudicial statements regarding this litigation on the ground that such statements risk tainting the jury pool. The magistrate judge appropriately denied the request for a blanket gag order. Broad gag orders are restraints on expression and raise First Amendment concerns. *See, e.g., United States v. Brown*, 218 F.3d 415, 424-25 (5th Cir. 2000). In the Fourth

---

absence of a showing of good cause for confidentiality, the parties are free to disseminate discovery materials to the public.").

[8] *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) ("'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury."); *Martinelli v. Petland, Inc.*, Nos. 10-407-RDR, 09-529-PHX-DGC, 2010 WL 3947526, at *10 (D. Kan. Oct. 7, 2010) ("A protective order may only issue if the moving party demonstrates the basis for the order falls into one of the categories listed in Rule 26(c): annoyance, oppression, undue burden or expense."); *Humboldt Baykeeper v. Union Pac. R.R. Co.*, 244 F.R.D. 560, 563 (N.D. Cal. 2007) ("By definition, a protective order must protect against something—something negative.").

[9] *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[B]ecause release of information not intended by the writer to be for public consumption will almost always have some tendency to embarrass, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious.").

Circuit, district courts may restrict extrajudicial statements by parties and counsel only if those comments present a "reasonable likelihood" of prejudicing a fair trial. *In re Russell*, 726 F.2d 1007, 1010 (4th Cir. 1984); *see also Am. Science & Eng'g, Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 625-26 (E.D. Va. 2008) ("Courts may disallow extrajudicial statements by litigants that risk tainting or biasing the jury pool."). Here, nothing in the current record of this case supports defendants' contention that a blanket gag order is warranted because nothing presented thus far suggests that statements made by either party present a "reasonable likelihood" of tainting the jury pool.

Yet, it is appropriate to prohibit extrajudicial statements revealing the substance of discovery materials that fall within a good cause category of a valid protective order. Omitting such a restriction renders a protective order toothless. Thus, it is appropriate in this case to enter a protective order that sets forth categories for which there is a judicial finding of good cause to protect information falling into those categories, and it is also appropriate to include in that order a prohibition on extrajudicial statements revealing the content of discovery materials falling into those categories.

### IV.

Accordingly, the magistrate judge's protective order is vacated, and a new protective order will issue consistent with the principles outlined in this Memorandum Opinion.

An appropriate Order will issue.

Alexandria, Virginia
November 5, 2010

/s/
T. S. Ellis, III
United States District Judge