IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
MAY 20 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA ex rel. )
MELAN DAVIS and BRAD DAVIS,      )
         Plaintiffs,              )
                                  )
         v.                       )   Case No. 1:08cv1244
                                  )
ERIK PRINCE, et al.,              )
         Defendants.              )

## ORDER

The matter came before the Court on plaintiff-relators' motion for partial summary judgment (Doc. No. 319).

In the Second Amended Complaint ("SAC"), relators allege that defendants submitted false claims and records in connection with two government contracts for the provision of security services: (1) a Federal Protective Service ("FPS") contract to provide armed guard services in the aftermath of Hurricane Katrina ("Katrina contract"); and (2) a Department of State contract to provide security services for government officials in Iraq and Afghanistan ("WPPS II contract"). Relators do not move for summary judgment on any of the claims in the SAC relating to the Katrina contract. Instead, relators move for partial summary judgment on *some* of the claims relating to the WPPS II contract. Specifically, relators move for summary judgment on the following five claims relating to the WPPS II contract, only two of which were alleged in the SAC: (1) defendants submitted false travel documents to the Department of State to obtain reimbursement for travel expenses; (2) defendants falsely represented to the Department of State that travel documents validated labor invoices; (3) defendants falsely certified to the "accuracy and appropriateness" of invoices seeking cost reimbursement for bribes to foreign officials in Afghanistan, (4) defendants billed the Department of State for funds paid to a prostitute in Afghanistan; and (5) defendants fraudulently induced the Department of State

into overpaying for third country national labor by making false statements about Greystone Limited ("Greystone").

Summary judgment cannot be granted in favor of relators on the claim that defendants submitted false travel documents to the Department of State to obtain reimbursement for travel expenses. There are genuine issues of fact regarding whether defendants knowingly submitted false travel documents. Summary judgment also cannot be granted in favor of relators on the claim that defendants billed the Department of State for the services of a prostitute in Afghanistan. The record contains undisputed evidence that defendants did not, in fact, bill the Department of State for the monthly salary or travel expenses of the woman alleged to have performed illicit services.

Relators' remaining three claims are: (1) defendants falsely represented to the Department of State that travel documents validated suspect labor invoices; (2) defendants falsely certified to the "accuracy and appropriateness" of invoices seeking cost reimbursement for bribes to foreign officials in Afghanistan; and (3) defendants fraudulently induced the Department of State into overpaying for third country national labor by making false statements about Greystone Limited. These claims appear for the first time in relators' motion for summary judgment. Because relators failed to include these claims in the SAC, relators cannot now raise these claims at the summary judgment stage. *See United States ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (prohibiting relator from raising new fraud claims at the summary judgment stage).

In *Owens*, the relator filed an FCA suit against a construction company hired by the Department of State to build the U.S. embassy in Baghdad. Specifically, the relator alleged that the construction company knowingly billed the Department of State for defective work. The relator's FCA claims were dismissed without prejudice for failure to plead fraud with

particularity, pursuant to Rule 9(b), Fed. R. Civ. P. The relator later filed an amended complaint that included eight different allegations of fraud. Following discovery, the construction company moved for summary judgment. In responding to the summary judgment motion, the relator abandoned four of his original allegations of fraud but added several new ones on the basis of materials received in discovery. After a hearing, the district court granted the construction company's motion for summary judgment in its entirety.

On appeal, the Fourth Circuit affirmed the district court's grant of summary judgment on the relator's new claims of fraud. Specifically, the Fourth Circuit held that "it is well established that a plaintiff may not raise new claims after discovery has begun without amending his complaint." *Id.* (citing *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 617 (4th Cir. 2009)). Thus, the Fourth Circuit held that the relator could not defeat the construction company's motion for summary judgment by asserting new theories of fraud. In arriving at this conclusion, the Fourth Circuit rejected the relator's argument that because he pled some claims with particularity, pursuant to Rule 9(b), Fed. R. Civ. P., he should be allowed to make new claims at the summary judgment stage. The Fourth Circuit reasoned that Rule 9(b) plays a particularly important role in FCA actions because it ensures that the government has adequate notice of the fraud allegations to decide whether to intervene. The Fourth Circuit also noted that Rule 9(b) prevents relators from filing suit "as a pretext to uncover unknown wrongs." *Id.* at 732. The Fourth Circuit concluded that the purpose of Rule 9(b) would be undermined by allowing relators to plead theories of fraud in a complaint, and then to submit evidence of new theories of fraud at the summary judgment stage.

The Fourth Circuit's decision in *Owens* is controlling here. As in *Owens*, relators filed an original complaint and a First Amended Complaint ("FAC") that contained numerous theories of fraud. Also like *Owens*, relators were given an opportunity to amend their complaint for a

second time after some of the fraud allegations in the FAC were dismissed for lack of specificity, pursuant to Rule 9(b), Fed. R. Civ. P. Now, as in *Owens*, relators have alleged for the first time at the summary judgment stage entirely new theories of fraud. Nowhere in the SAC are there allegations that defendants made false statements to the OIG to avoid refunding money to the Department of State for labor overcharges.[1] Similarly, the SAC does not allege that defendants billed the Department of State for bribes paid to Afghani officials, nor does it allege that defendants fraudulently induced the Department of State to overpay for labor from third country nationals. As the Fourth Circuit emphasized in *Owens*, allowing relators to raise these new theories of fraud at the summary judgment stage would undermine the purpose of Rule 9(b). *Id.* It would also allow relators to avoid the potential application of the public disclosure bar, 31 U.S.C. § 3730(e)(4), as defendants' motion to dismiss for lack of subject matter jurisdiction understandably did not address these new theories of fraud because they were not alleged in the SAC.[2]

Accordingly, for these reasons, and for the reasons stated from the Bench,

It is hereby **ORDERED** that relators' motion for summary judgment is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
May 20, 2011

/s/
_____
T. S. Ellis, III
United States District Judge

---

[1] Of course, even if relators' motion is construed as requesting summary judgment on the claim that defendants submitted false travel documents to support inflated labor invoices, summary judgment would still not be appropriate as there is a genuine issue of fact regarding whether the travel documents were knowingly false.

[2] Neither reached nor decided here is whether evidence relating to the OIG investigation is admissible to prove the allegations in the SAC that defendants submitted false musters and false travel documentation to the Department of State.